720

District Court of the United States for the District of Columbia.

April 25, 1940.

William P. Spielman, of Stamford, Conn., and Edmund H. Parry, Jr., of Washington, D. C., for plaintiff.

W. W. Cochran, of Washington, D. C., for defendant.

LUHRING, Justice.

The plaintiff seeks the issuance of a patent pursuant to the provisions of R. S. § 4915, 35 U.S.C. § 63, 35 U.S.C.A. § 63.

The invention relates to improvement in sulphate conversion system and has to do with a process for the reclaiming the otherwise waste constituents of ferrous sulphate and for converting the same into sulphur dioxide gas ($SO_2$) suitable for the economical production of sulphuric acid and into an iron oxide suitable for further use in the industries, as for example in blast furnaces and iron and steel reproducers.

There are three claims in issue numbered respectively 22, 23 and 24, each of which was rejected by the Examiner, whose decision was affirmed by the Board of Appeals.

The claims were rejected as unpatentable over the prior art, as found in the following patents: McFetridge, 1,045,723, November 26, 1912; Campbell et al., 1,267,971, May 28, 1918; Neill, 1,607,206, November 16, 1926; Hechenbleikner, 2,006,693, July 2, 1935; Parnell, British, 4,201, September 29, 1881.

The general process disclosed and claimed in plaintiff's application is old as shown by the patents to McFetridge, Hechenbleikner and the British patent to Parnell.

The claims recite only two distinctions over the Hechenbleikner patent, namely, the use of a rotary kiln in place of the Herreshoff furnace of the patent and the use of a contact process for obtaining sulfuric acid in place of the chamber process of the Hechenbleikner patent.

Both the rotary kiln and the contact sulfuric acid process are old. The rotary kiln is shown to be old in the patents to Campbell et al., No. 1,267,971 and Neill, No. 1,607,206, and the contact sulfuric acid process is admitted to be old by plaintiff and to form no part of the alleged invention (XQ 26, R. 69).

There are several advantages for the substitution of the old furnace and the old sulfuric acid process for the furnace and sulfuric acid process of Hechenbleikner patent.

The plaintiff's process accomplishes two commercially important results. It produces a sulfur dioxide gas that is (1) so free from sulfur trioxide and (2) of such a high sulfur dioxide concentration (12%) that it can be converted to strong (98% or better) sulfuric acid by the contact process (the only process capable of making strong sulfuric acid, Q 56, R-58) and an iron oxide cinder of such parity that it can be smelted in a blast furnace without the added cost of a preliminary sintering. Thus both of the end products are of immediate commercial value. This is a novel and useful result which is not accomplished by the references (Q 44-49 and Q 56, R pp. 51-53). The plaintiff's invention has met with commercial success.

The court finds that the plaintiff is entitled to a patent on the claims in issue.

Counsel for plaintiff will prepare and submit findings of fact and conclusions of law in accord with this memorandum, together with appropriate judgment authorizing and directing the issuance of a patent.